## Case No. 3,271.

### COTTON PRESS CO. v. COLLECTOR.

[1 Woods, 296.][1]

Circuit Court, D. Louisiana. Nov. Term, 1873.

INTERNAL REVENUE—CORPORATIONS — APPEAL TO COMMISSIONER—WHEN PERFECTED.

1. An incorporated company, whose business is to make gain by compressing cotton, is not required to pay a tax on its dividends by section 120 of the act of June 30, 1864 (13 Stat. 283).

2. An appeal to the commissioner of internal revenue, for the refunding of a tax illegally collected by the collector of internal revenue, dates from the time the application to have the tax refunded is filed in the office of the commissioner, and not from the time it is lodged with the collector of internal revenue.

This was an action at law against the collector of internal revenue to recover a tax illegally collected.

Charles Case and J. D. Rouse, for plaintiff. J. R. Beckwith, U. S. Atty., for defendant.

WOODS, Circuit Judge. The parties have waived the intervention of a jury, and submitted the case upon an agreed statement of facts. The action is brought to recover of defendant the sum of eight hundred and twenty-five dollars, which the plaintiff avers was illegally collected from it by the defendant, acting as collector of internal revenue, as a tax upon a dividend declared to its stockholders by plaintiff.

The facts are, that on the 25th of August, 1869, the tax having been regularly assessed, was paid to defendant under the threat that, if not paid, he would seize and sell the plaintiff's property to make the tax. The plaintiff appealed, according to law and the treasury regulations, to the commissioner of internal revenue, and demanded the refunding and return of the said sum of eight hundred and twenty-five dollars.

The appeal and application for refund were executed, dated, and deposited with the defendant on November 30, 1869, and on that day certified by him in his official capacity and forwarded by mail to the commissioner of internal revenue, by whom it was received and filed in his office on a day subsequent to

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

the 4th of December, 1869. The appeal has not been acted upon or decided.

This action was commenced December 3, 1869. The plaintiff seeks to recover back the money on the ground that no tax upon its dividends was imposed by any law of the United States. The defendant pleads that the tax was authorized by law, and that the action to recover it back was not brought until after the expiration of one year from the taking of the appeal, and that it is therefore barred.

The law under which it is claimed that the tax was imposed on the dividends of the plaintiff is the 120th section of the act of June 30, 1864 (13 Stat. 283), entitled "An act to provide ways and means for the support of the government and for other purposes." This section provides that there shall be levied and collected a duty of five per centum on all dividends declared "as part of the earnings, income or gain of any bank, trust company, savings institution and of any fire, marine, life, inland insurance company, either stock or mutual, under whatever name or style known or called in the United States or territories."

The "Levee Steam Press Cotton Company" is not a bank, is not a trust company, is not a savings institution, is not a fire, marine, life or inland insurance company. It is an incorporated body whose business is to make gains by compressing cotton. By what construction is was supposed to fall among the companies enumerated in the section cited it is difficult to imagine. The language of the section makes it clear, no argument can make it clearer, that such companies as the plaintiff are not included in its terms. The tax collected by Stockdale was therefore not authorized by law, and the plaintiff has the right to recover it back, unless his claim is barred by the limitation of the statute.

The limitation is prescribed by the 19th section of the act approved July 13, 1866 (14 Stat. 152), which declares that "no suit shall be maintained in any court for the recovery of any tax alleged to have been erroneously or illegally assessed or collected until appeal shall have been duly made to the commissioner of internal revenue, according to the provisions of law in that regard and the regulations of the secretary of the treasury established in pursuance thereof, and a decision of such commissioner be had thereon, unless such suit shall be brought within six months from the time of said decision, or within six months from the time this act takes effect: provided that if said decision shall be delayed more than six months from the date of said appeal, then said suit may be brought at any time within twelve months from the date of such appeal."

It is conceded in this case that the decision was delayed more than six months. The limitation was therefore twelve months from the date of the appeal. This branch of the case then turns on the question, when was the ap-

peal taken? If it was taken when the application for refund was executed, dated and deposited with Stockdale, the defendant, and certified by him, then the suit was not brought within one year from the date of the appeal. But if the appeal was made when the application for refund reached the commissioner of internal revenue, and was filed in his office, then the suit was brought within one year from the time of the appeal, and is not barred.

Upon this point there can be no serious question, it seems to me. The appeal is to be made to the commissioner of internal revenue, and not to the collector. It is the commissioner who is to examine the application and pass upon it. It would seem, therefore, that when the application is brought to his notice, or filed in his office, and not till then, the appeal is taken. The papers are lodged with the collector, not for his decision, but that he may certify to the date of payment of the amount claimed, and that the claim has not been before presented. No appeal will lie until the application has his certificate. The application is not lodged with him as an appeal, but that he may perfect the papers by his certificate so that the appeal may be made to the commissioner. If the papers never go beyond the office of the collector there is no appeal. The appeal, therefore, should take date from the time of its filing in the office of the commissioner of internal revenue, who alone can act on it.

I am of opinion, therefore, that the appeal in this case was not taken till after December 4, 1869. The suit was commenced on the 3d day of December, 1870. It is therefore within the year, and not barred. The result is, that there should be a judgment for plaintiff for eight hundred and twenty-five dollars, the amount of the illegal tax collected, with interest from August 25, 1869, the date of its payment.